RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
JEAN E. WILLIAMS, Chief
LISA L. RUSSELL, Assistant Chief
ERIK E. PETERSEN, Trial Attorney
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
Tel: (202) 305-0339/Fax: (202) 305-0275
erik.petersen@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WILDEARTH GUARDIANS,  )  <br>  )  <br>   Plaintiff,  )  <br>  )  <br> v.  )  <br>  )  <br> DIRK KEMPTHORNE, Secretary of the Interior,  )  <br>  )  <br>   Defendant.  )  <br>  ) | **NOTICE OF STIPULATED SETTLEMENT AND PROPOSED ORDER**<br><br>Case No. 1:08-cv-00443 |

     Defendant, Dirk Kempthorne, in his official capacity as U.S. Secretary of the Interior, by and through his undersigned counsel, hereby provides notice of the attached stipulated settlement agreement and proposed order.

Respectfully submitted this first day of July, 2008.

                         RONALD J. TENPAS
                         Assistant Attorney General
                         JEAN E. WILLIAMS, Chief
                         LISA L. RUSSELL, Assistant Chief

                         /s/ Erik E. Petersen
                         ERIK E. PETERSEN, Trial Attorney
                         D.C. Bar No. 489073
                         U.S. Department of Justice
                         Environment & Natural Resources Division
                         Wildlife & Marine Resources Section
                         Ben Franklin Station, P.O. Box 7369
                         Washington, D.C. 20044-7369
                         Telephone: (202) 305-0339
                         Facsimile: (202) 305-0275
                         erik.petersen@usdoj.gov

                         Attorneys for Federal Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such to counsel of record.

                                                          /s/ Erik E. Petersen

                                                        ERIK E. PETERSEN

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILDEARTH GUARDIANS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DIRK KEMPTHORNE, Secretary of the Interior, )<br>)<br>Defendant. )<br>_____) | Case No. 1:08-cv-00443 |

**STIPULATED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER**

Plaintiff, WildEarth Guardians, and Defendant, Dirk Kempthorne, in his official capacity as U.S. Secretary of the Interior, by and through their undersigned counsel, state as follows:

WHEREAS, on August 8, 2007, Plaintiff submitted to the Fish and Wildlife Service ("Service") a petition to list the Black-Tailed Prairie Dog as a threatened or endangered species (the "Petition") pursuant to the Endangered Species Act, 16 U.S.C. § 1531 *et seq.* ("ESA");

WHEREAS, on March 13, 2008, Plaintiff initiated this action seeking an initial finding on the Petition;

WHEREAS, the parties, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to the Plaintiff's claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiff's complaint;

WHEREAS, the parties agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them;

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS FOLLOWS:

1.	On or before November 30, 2008, the Service shall submit to the *Federal Register* a determination as to whether the Petition presents substantial information indicating that the petitioned action may be warranted pursuant to 16 U.S.C. § 1533(b)(3)(A).  If the Service finds that the Petition has presented substantial scientific or commercial information indicating that the petitioned action may be warranted, the Service shall submit a 12-month finding as to whether the petitioned action is warranted pursuant to 16 U.S.C. § 1533(b)(3)(B) to the *Federal Register* by November 30, 2009.

2.	Either party may seek to modify the deadline for any actions specified in Paragraph 1 for good cause shown, consistent with the Federal Rules of Civil Procedure.  In that event, or in the event that either party believes that the other party has failed to comply with any term or condition of this Settlement Agreement ("Agreement"), the parties shall use the dispute resolution procedures specified in Paragraph 3.

3.	The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court.  In the event that either party seeks to modify the terms of this Agreement, including the deadline for the actions specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute or seeking enforcement, shall provide the other party with notice of the claim.  The parties agree that they will meet and confer (in-person not required) at the earliest possible time

in a good-faith effort to resolve the claim before bringing any matter to the Court. If the parties are unable to resolve the claim themselves, either party may bring the claim to the Court.

4. No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable time line for issuing a ninety-day or twelve-month finding under 16 U.S.C. § 1533 in any other proceeding regarding the Service's implementation of the ESA.

5. Defendant agrees that Plaintiff is the "prevailing party" in this action, and agrees to pay Plaintiff reasonable attorneys' fees and costs, pursuant to Section 11(g) of the ESA, 16 U.S.C. § 1540 (g). Therefore, Defendant agrees to settle all of Plaintiff's claims for costs and attorneys' fees in the above-captioned litigation for a total of $6,939. A check will be made payable in that amount to WildEarth Guardians, 312 Montezuma Ave., Santa Fe, NM 87501.

6. Defendant agrees to submit all necessary paperwork for the processing of the attorneys' fee award to the Department of the Treasury's Judgment Fund Office, pursuant to 16 U.S.C. § 1540(g)(4), within ten (10) business days of receipt of the court order approving this stipulation.

7. Plaintiff agrees to accept payment of $6,939 in full satisfaction of any and all claims for attorneys' fees and costs of litigation to which Plaintiff is entitled in the above-captioned litigation, through and including the date of this agreement.

8. Plaintiff agrees that receipt of this payment from Defendant shall operate as a release of Plaintiff's claims for attorneys' fees and costs in this matter, through and including the date of this agreement.

9.      The parties agree that Plaintiff reserves the right to seek additional fees and costs incurred subsequent to this Agreement arising from a need to enforce or defend against efforts to modify the underlying schedule outlined in Paragraph 1, or for any other continuation of this action.

10.     By this agreement, Defendant does not waive any right to contest fees claimed by Plaintiff or Plaintiff's counsel, including the hourly rate, in any future litigation or continuation of the present action.  Further, this stipulation as to attorneys' fees and costs has no precedential value and shall not be used as evidence in any other attorneys' fees litigation.

11.     Subject to the qualifications in Paragraph 12, no provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendant take action in contravention of the Endangered Species Act, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural.  Nothing in this Agreement shall be construed to limit or modify the discretion accorded to the Service by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determination.

12.     No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendant is obligated to spend funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341.  On this issue, Plaintiff asserts that this Agreement does not create a conflict with the Anti-Deficiency Act because the duty to make petition findings is required in non-discretionary terms by the ESA and because the Anti-Deficiency Act would not excuse compliance with a pre-existing court-approved Agreement.  Plaintiff intends to assert this position if the Service fails to comply with the terms of this Agreement for reasons of insufficient appropriations.  Defendant

reserves all legal and equitable defenses to any argument by Plaintiff that the Anti-Deficiency Act does not apply to non-discretionary duties required by the ESA.

13.     The parties agree that this Agreement was negotiated in good faith and it constitutes a settlement of claims that were denied and disputed by the parties.  By entering into this Agreement the parties do not waive any claim or defense.

14.     The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

15.     The terms of this Agreement shall become effective upon entry of an order by the Court ratifying the Agreement.

16.     Upon approval of this Agreement by the Court, all counts of Plaintiff's Complaint shall be dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1).

17.     Notwithstanding the dismissal of this action, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms.  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994).

Dated: July 1, 2008

        Respectfully submitted,

        ___/s/ Robert Ukeiley (with permission)___
        ROBERT UKEILEY (MD 14062)
        Staff Attorney
        Forest Guardians
        1536 Wynkoop Street, Suite 300
        Denver, CO  80202
        Telephone: (720) 563-9306
        Facsimile: (866) 618-1017
        E-mail: rukeiley@fguardians.org

        ___/s/ Jay Tutchton (with permission)___
        JAMES JAY TUTCHTON
        Environmental Law Clinic
        University of Denver, Sturm College of Law
        2255 E. Evans Ave., Suite 365H
        Denver, CO  80208
        Telephone: (303) 871-7870
        Facsimile: (303) 871-6991
        E-mail: jtutchton@law.du.edu

        Attorneys for Plaintiff

        RONALD J. TENPAS
        Assistant Attorney General
        JEAN E. WILLIAMS, Section Chief
        LISA L. RUSSELL, Assistant Section Chief

        _____/s/ Erik Petersen_____
        ERIK E. PETERSEN, Trial Attorney (DC 489073)
        U.S. Department of Justice
        Environment & Natural Resources Division
        Wildlife & Marine Resources Section
        Ben Franklin Station, P.O. Box 7369
        Washington, D.C. 20044-7369
        Telephone: (202) 305-0339
        Facsimile: (202) 305-0275
        E-mail: erik.petersen@usdoj.gov

        Attorneys for Defendant

## **[PROPOSED] ORDER**

The terms and conditions of this Stipulated Settlement Agreement are hereby adopted as an enforceable ORDER of this Court, and this matter is hereby DISMISSED with prejudice.

Dated: this _____ day of _____ 2008.

_____<br>United States District Judge