UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
JUL - 8 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| WILDEARTH GUARDIANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:08-cv-00443 |
| ) | |
| DIRK KEMPTHORNE, Secretary of the Interior, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**STIPULATED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER**

Plaintiff, WildEarth Guardians, and Defendant, Dirk Kempthorne, in his official capacity as U.S. Secretary of the Interior, by and through their undersigned counsel, state as follows:

WHEREAS, on August 8, 2007, Plaintiff submitted to the Fish and Wildlife Service ("Service") a petition to list the Black-Tailed Prairie Dog as a threatened or endangered species (the "Petition") pursuant to the Endangered Species Act, 16 U.S.C. § 1531 *et seq.* ("ESA");

WHEREAS, on March 13, 2008, Plaintiff initiated this action seeking an initial finding on the Petition;

WHEREAS, the parties, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to the Plaintiff's claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiff's complaint;

WHEREAS, the parties agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them;

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS FOLLOWS:

1. On or before November 30, 2008, the Service shall submit to the *Federal Register* a determination as to whether the Petition presents substantial information indicating that the petitioned action may be warranted pursuant to 16 U.S.C. § 1533(b)(3)(A). If the Service finds that the Petition has presented substantial scientific or commercial information indicating that the petitioned action may be warranted, the Service shall submit a 12-month finding as to whether the petitioned action is warranted pursuant to 16 U.S.C. § 1533(b)(3)(B) to the *Federal Register* by November 30, 2009.

2. Either party may seek to modify the deadline for any actions specified in Paragraph 1 for good cause shown, consistent with the Federal Rules of Civil Procedure. In that event, or in the event that either party believes that the other party has failed to comply with any term or condition of this Settlement Agreement ("Agreement"), the parties shall use the dispute resolution procedures specified in Paragraph 3.

3. The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadline for the actions specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute or seeking enforcement, shall provide the other party with notice of the claim. The parties agree that they will meet and confer (in-person not required) at the earliest possible time

in a good-faith effort to resolve the claim before bringing any matter to the Court. If the parties are unable to resolve the claim themselves, either party may bring the claim to the Court.

4.      No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable time line for issuing a ninety-day or twelve-month finding under 16 U.S.C. § 1533 in any other proceeding regarding the Service's implementation of the ESA.

5.      Defendant agrees that Plaintiff is the "prevailing party" in this action, and agrees to pay Plaintiff reasonable attorneys' fees and costs, pursuant to Section 11(g) of the ESA, 16 U.S.C. § 1540 (g). Therefore, Defendant agrees to settle all of Plaintiff's claims for costs and attorneys' fees in the above-captioned litigation for a total of $6,939. A check will be made payable in that amount to WildEarth Guardians, 312 Montezuma Ave., Santa Fe, NM 87501.

6.      Defendant agrees to submit all necessary paperwork for the processing of the attorneys' fee award to the Department of the Treasury's Judgment Fund Office, pursuant to 16 U.S.C. § 1540(g)(4), within ten (10) business days of receipt of the court order approving this stipulation.

7.      Plaintiff agrees to accept payment of $6,939 in full satisfaction of any and all claims for attorneys' fees and costs of litigation to which Plaintiff is entitled in the above-captioned litigation, through and including the date of this agreement.

8.      Plaintiff agrees that receipt of this payment from Defendant shall operate as a release of Plaintiff's claims for attorneys' fees and costs in this matter, through and including the date of this agreement.

9. The parties agree that Plaintiff reserves the right to seek additional fees and costs incurred subsequent to this Agreement arising from a need to enforce or defend against efforts to modify the underlying schedule outlined in Paragraph 1, or for any other continuation of this action.

10. By this agreement, Defendant does not waive any right to contest fees claimed by Plaintiff or Plaintiff's counsel, including the hourly rate, in any future litigation or continuation of the present action. Further, this stipulation as to attorneys' fees and costs has no precedential value and shall not be used as evidence in any other attorneys' fees litigation.

11. Subject to the qualifications in Paragraph 12, no provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendant take action in contravention of the Endangered Species Act, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to the Service by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determination.

12. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendant is obligated to spend funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341. On this issue, Plaintiff asserts that this Agreement does not create a conflict with the Anti-Deficiency Act because the duty to make petition findings is required in non-discretionary terms by the ESA and because the Anti-Deficiency Act would not excuse compliance with a pre-existing court-approved Agreement. Plaintiff intends to assert this position if the Service fails to comply with the terms of this Agreement for reasons of insufficient appropriations. Defendant

reserves all legal and equitable defenses to any argument by Plaintiff that the Anti-Deficiency Act does not apply to non-discretionary duties required by the ESA.

13. The parties agree that this Agreement was negotiated in good faith and it constitutes a settlement of claims that were denied and disputed by the parties. By entering into this Agreement the parties do not waive any claim or defense.

14. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

15. The terms of this Agreement shall become effective upon entry of an order by the Court ratifying the Agreement.

16. Upon approval of this Agreement by the Court, all counts of Plaintiff's Complaint shall be dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1).

17. Notwithstanding the dismissal of this action, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994).

Dated: July 1, 2008

        Respectfully submitted,

        <u>     /s/ Robert Ukeiley (with permission)     </u>
ROBERT UKEILEY (MD 14062)
Staff Attorney
Forest Guardians
1536 Wynkoop Street, Suite 300
Denver, CO 80202
Telephone: (720) 563-9306
Facsimile: (866) 618-1017
E-mail: rukeiley@fguardians.org

    <u>     /s/ Jay Tutchton (with permission)     </u>
JAMES JAY TUTCHTON
Environmental Law Clinic
University of Denver, Sturm College of Law
2255 E. Evans Ave., Suite 365H
Denver, CO 80208
Telephone: (303) 871-7870
Facsimile: (303) 871-6991
E-mail: jtutchton@law.du.edu

Attorneys for Plaintiff

RONALD J. TENPAS
Assistant Attorney General
JEAN E. WILLIAMS, Section Chief
LISA L. RUSSELL, Assistant Section Chief

     <u>     /s/ Erik Petersen     </u>
ERIK E. PETERSEN, Trial Attorney (DC 489073)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
Telephone: (202) 305-0339
Facsimile: (202) 305-0275
E-mail: erik.petersen@usdoj.gov

Attorneys for Defendant

## [~~PROPOSED~~] ORDER

The terms and conditions of this Stipulated Settlement Agreement are hereby adopted as an enforceable ORDER of this Court, and this matter is hereby DISMISSED with prejudice.

Dated: this **8th** day of **July** 2008.

*Paul L. Friedman*
United States District Judge